IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MAXIE ORR,**                                    Case Number 1:14 CV 2302

      Petitioner,                          Judge Sara Lioi

       v.                                   REPORT AND RECOMMENDATION

**BENNIE KELLY,** Warden

      Respondent.                          Magistrate Judge James R. Knepp II

### INTRODUCTION

*Pro se* Petitioner Maxie Orr, a prisoner in state custody, filed a petition seeking a writ of habeas corpus ("Petition"). (Doc. 1). Respondent Warden Bennie Kelly filed a Motion to Dismiss (Doc. 5) with attached exhibits, which Petitioner opposed (Doc. 6).

The district court has jurisdiction over the Petition under 28 U.S.C. § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated October 22, 2014). For the reasons discussed below, the undersigned recommends the Court grant Respondent's Motion and dismiss the Petition as time-barred.

### PROCEDURAL BACKGROUND

**State Trial Court**

Petitioner was indicted by the September 2010 term of the Cuyahoga County Court of Common Pleas Grand Jury on one count of attempted murder in violation of R.C. §2923.02/2923.02(A), with a one and three-year firearm specification; one count of aggravated robbery in violation of R.C. §2911.01(A)(1), with a one and three year firearm specification; one count of felonious assault in violation of R.C. §2903.11(A)(2), with a one and three year firearm

specification; one count of kidnapping in violation of R.C. §2923.12(A)(2), with a one and three

year firearm specification; one count of theft in violation of R.C. §2923.02(A)(1); one count of

carrying a concealed weapon in violation of R.C. §2923.12(A)(2); and one count of discharge of

a firearm on or near prohibited premises in violation of R.C. §2923.161(A)(3). (Doc. 5-1, Ex. 1).

Petitioner pled not guilty to each count. (Doc 5-1, Ex. 2). Before trial, Petitioner waived a jury

trial on all counts of the indictment. (Doc. 5-1, Ex. 3). At the end of the trial, the court found

Petitioner guilty. (Doc. 5-1, Ex. 4).  On January 28, 2011, at a sentencing hearing, the court

merged convictions and imposed an aggregate sentence of nine years in prison. (Doc. 5-1, Ex. 5).

**Direct Appeal**

On February 4, 2011, Petitioner, through counsel, filed a timely notice of appeal with the

Eighth District Court of Appeals, Cuyahoga County. (Doc. 5-1, Ex. 6).  Petitioner raised three

assignments of error:

1. The Court erred in separately convicting Maxie Orr on Allied Offenses of similar import

2. The Court erred in sentencing by not explaining to Maxie Orr post release control as requires by R.C. §2967.28.

3. The conviction was against the manifest weight of the evidence

(Doc. 5-1, Ex. 7). The state filed a brief in response, and on December 8, 2011, the Court of

Appeals affirmed the decision of the Cuyahoga County Court of Common Pleas. (Doc. 5-1, Ex.

8, 9). Petitioner failed to appeal this decision on discretionary review to the Ohio Supreme Court.

As a result, his conviction, and sentence became final 45 days later, on January 22, 2012.

**Post-Conviction Motion to Merge Firearm Specifications**

Petitioner, *pro se*, filed a "motion to merge illegal firearm specification" on June 26,

2013, one and a half years after the sentence became final. (Doc. 5-1, Ex. 10). Subsequently, on

July 8, 2013, the trial court denied Petitioner's motion as *res judicata*. (Doc. 5-1, Ex. 11). On July 26, 2013, Petitioner appealed this decision to the court of appeals. (Doc. 5-1, Ex 12). The state filed a brief in opposition, and Petitioner replied. (Doc. 5-1, Ex. 14, 15). On February 13, 2014, the appellate court affirmed the decision of the trial court, holding that the post-conviction motion was both untimely and barred by the doctrine of *res judicata*. (Doc. 5-1, Ex. 16).

## Application to Reopen Appeal

On April 16, 2014, Petitioner, *pro se*, filed an untimely application to reopen his direct appeal pursuant to Ohio App. R. 26(B). Petitioner claimed that appellate counsel was ineffective for failing to raise the issue. (Doc. 5-1, Ex. 17). On June 4, 2014, the court denied Petitioner's application as untimely and alternatively, as barred by the doctrine of *res judicata*. (Doc. 5-1, Ex. 19).

On July 10, 2014, Petitioner, *pro se*, filed a notice of appeal with the Ohio Supreme Court. (Doc. 5-1, Ex. 20). Petitioner raised one issue:

> 1. The double jeopardy clause mandates that multiple firearm specifications arising from a single transaction must be merged for sentencing.

(Doc. 5-1, Ex. 21). On September 3 2014, the court declined to accept jurisdiction of the appeal pursuant to S.Ct.R. 708(B)(4). (Doc. 5-1, Ex. 23).

## FEDERAL HABEAS PETITION

Petitioner, *pro se*, filed a Petition on October 15, 2014. (Doc. 1). The petition alleges the following grounds for relief:

> **Ground One:** The petitioner's right to double jeopardy protection against being punished twice for the same conduct was violated by the trial court in imposing consecutive sentences for firearm specifications arising from a single transaction with a single animus in a continuing course of conduct.
>
> **Ground Two:** Petitioner was deprived of the effective assistance of counsel on direct appeal as of right.

(Doc. 1).

DISCUSSION

Respondent moves to dismiss the Petition as untimely. (Doc. 5).    Under    the    Anti-

Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is generally a one-year

period in which a prisoner in state custody may file a petition for habeas relief in federal court:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

The AEDPA statute of limitations is not absolute; it can be statutorily or equitably tolled.

The statute provides that the time during which post-conviction or other collateral review

proceedings are pending in state court "shall not be counted toward any period of limitation". 28

U.S.C. § 2244(d)(2). When a petitioner is aware of the factual predicate of his claims, and the

claims do not implicate §§ 2244(d)(1)(B) or 2244(d)(1)(C), the one-year statute of limitations

begins to run on the date his judgment became final i.e., at the expiration of the time for seeking

direct review. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012).

4

First, it is clear from the record that neither § 2254(d)(1)(B) or § 2254(d)(1)(C) apply to the case at bar. Petitioner has not asserted a constitutional right that has been newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Moreover, Petitioner fails to present any evidence that suggests a diligent person in Petitioner's circumstances could not have discovered the factual predicate of his claims before his conviction became final at the expiration of time for seeking direct review. *See DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006) ("[T]he petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2254(d)(1)(D)); *Stokes v. Leonard*, 36 F. App'x 801, 804 (6th Cir. 2002) ("[A]n application that 'merely alleges that the applicant did not actually know the facts underlying his . . . claim' is insufficient to show due diligence") (quoting *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997).  Therefore, the Court must calculate the date in which Petitioner's judgment became final, apply any legitimate tolling time, and conclude whether his habeas claim was filed timely within the one-year AEDPA limitations period.

The standard start date for the one-year statute of limitations is the date on which a judgment becomes final. 28 U.S.C. § 2244(d)(1)(A).  Here, the conclusion of direct review is when certiorari is denied or time to file a certiorari petition expires. *Lawrence v. Florida*, 549 U.S. 327, 333 (2007), citing *Clay v. U.S.*, 537 U.S. 522, 527-28, n.3 (2003). Petitioner's entry of conviction became final on January 22, 2012—the expiration of the 45-day time period for seeking direct review under former Ohio Sup.Ct. R. II, §2(A)(1)(a).

It is clear that despite Petitioner's filing for post-conviction relief, statutory tolling does not apply in this case. Pursuant to 28 U.S.C. § 2244(d)(2), motions for delayed appeal to the

5

Ohio Supreme Court, as matters of post-conviction or collateral review, toll the statute while they are pending. *See DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006) (citing *Searcy*, 246 F.3d at 519). However, this statutory tolling provision does not revive a limitations period that has past, it can only serve to pause a clock that has not yet expired. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). Here, the one-year statute of limitations then ran from one day after the day Petitioner's conviction became final, January 23, 2012 until January 23, 2013. Petitioner filed his motion for post-conviction relief on June 26, 2013 and his application to re-open his appeal on April 16, 2014. (Doc. 5-1, Ex. 10, 17). Both filings were after the statute of limitations had run and thus tolling did not occur.

The instant petition, filed October 9, 2014, is time barred by over twenty months and accordingly, the Petition is time-barred from federal habeas review and should be dismissed unless Petitioner can show his limitation period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631 (2010).

## Equitable Tolling

Equitable tolling allows courts to review time-barred habeas petitions "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Ineffective assistance of counsel may constitute extraordinary circumstances sufficient to warrant relief. *Robinson*, 424 F. App'x at 442. However, it only warrants tolling if it was both beyond the control of the litigant and unavoidable with reasonable diligence. *Id.*

Thus, to demonstrate he is entitled to equitable tolling, a habeas petitioner must establish: 1) he has diligently pursued his rights; and 2) "that some extraordinary circumstance stood in his

way and prevented timely filing." *Holland*, 560 U.S. at 649. Such equitable tolling, however, is rare, granted sparingly, and evaluated on a case-by-case basis, with the petitioner retaining the "ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011); *King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004).

Here, Petitioner cannot show he was diligent in pursuing his rights. This is due to the fact that Petitioner filed his first post-conviction motion one and a half years after his sentence was final. (Doc. 5-1, Ex. 10).  Moreover, Petitioner has failed to demonstrate that an "extraordinary circumstance" stood in his way to prevent timely filing. Neither a petitioner's *pro se* status nor a professed ignorance of the law will justify equitable tolling of the limitations period. *Johnson v. United States*, 544 U.S. 295, 311 (2005); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991) ("[I]gnorance of the law alone is not sufficient to warrant equitable tolling.").

Petitioner argues that he is entitled to equitable tolling due to ineffective assistance of counsel because his attorney failed to advise him of the consequences of his guilty plea and never informed him of his appellate rights. (Doc. 6, at 3-6). However, the Sixth Circuit has declined to allow equitable tolling for ineffective assistance of counsel even in circumstances when a petitioner's attorney failed to inform him of his appellate decision for more than a year after it was issued. *Robinson*, 424 F. App'x at 440-43; *see also Keeling v. Warden*, 673 F.3d 452, 463 (6th Cir. 2012); *Winkfield v. Bagley*, 66 F. App'x 578, 583-84 (6th Cir. 2003) (No equitable tolling when petitioner's attorney misled him into believing his appeal was still pending before state court.); *Elliot v. Dewitt*, 10 F. App'x 311, 312-13 (6th Cir. 2001) (No equitable tolling when petitioner's attorney and the state court allegedly failed to inform him that a decision had been rendered affirming his conviction.). This, coupled with Petitioner's failure to establish that he

diligently pursued his claims, persuades the Court that Petitioner's is not a case which warrants equitable tolling.

Moreover, Petitioner is not alleging actual innocence. In order to establish a credible actual innocence showing, a habeas petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial." *Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005) citing *Schlup v. Delo,* 513 U.S. at 324. In *McQuiggin v. Perkins*, the Supreme Court, "stress[ed] once again that the *Schlup* standard is demanding. The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" 133 S. Ct. 1924, 1936 (2013).

Petitioner has failed to allege his innocence as equitable tolling to excuse his tardiness and has provided no "new" evidence demonstrating a lack of confidence in the outcome such "'that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *McCray v. Vasbinder*, 499 F.3d 568, 572 (6th Cir. 2007) quoting *Schlup v. Delo*, 513 U.S. at 327. His habeas grounds complain about his sentence, rather than his guilt leading to his convictions. Thus, he has provided nothing to support any "miscarriage of justice" that an innocent man was unjustly convicted to justify equitable tolling here.

In sum, Petitioner has failed to show he diligently pursued his rights, or that any circumstance kept him from timely filing, let alone an extraordinary one. Thus, his Petition should be dismissed as time-barred.

8

## CONCLUSION AND RECOMMENDATION

Following review, the undersigned recommends the Court grant Respondent's Motion to Dismiss (Doc. 5) and dismiss the Petition (Doc. 1) as time-barred.

s/James R. Knepp II
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).