## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| MAXIE ORR, | ) | CASE NO. 1:14-cv-2302 |
| | ) | |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| BENNIE KELLY, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge James R. Knepp II, recommending that the Court grant respondent's motion to dismiss this petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. No. 7.) Petitioner filed objections to the R&R (Doc. No. 10), and respondent filed his opposition (Doc. No. 11). Pursuant to Fed. R. Civ. P. 72(b)(3), the Court has conducted its de novo review of the matters raised in the objections. For the reasons discussed below, the R&R is accepted and respondent's motion to dismiss (Doc. No. 5) is granted.

### I. BACKGROUND

Petitioner was indicted by a Cuyahoga County grand jury on one count of attempted murder (Ohio Rev. Code § 2923.02/2923.02(A)), one count of aggravated robbery (§ 2911.01(A)(1)), one count of felonious assault (§ 2903.11(A)(2)), and one count of kidnapping (§ 2905.01(A)(2)), all including one-year and three-year firearm specifications; plus one count of theft (§ 2913.02(A)(1)), one count of carrying a concealed weapon (§ 2923.12(A)(2)), and one count of discharge of a firearm on or near prohibited premises (§ 2923.162(A)(3)).

Petitioner, through counsel, timely filed his direct appeal and, on December 8, 2011, an Ohio court of appeals affirmed the decision of the trial court. (Doc. No. 5-1 at 126.) Petitioner did not seek discretionary review by the Ohio Supreme Court. As a result, his conviction and sentence became final 45 days after the decision on direct appeal, that is, on January 23, 2012.[1]

On June 26, 2013, seventeen months after his conviction and sentence became final, petitioner filed a pro se motion to merge illegal firearm specifications claiming that the trial court erred in imposing consecutive sentences on the three-year firearm specifications in Counts 1 and 2. (*Id.* at 147.) On July 8, 2013, the trial court denied the motion, concluding that it was barred by *res judicata* because all the issues "have been, or should have been, raised on direct appeal[.]" (*Id.* at 153.) Petitioner appealed, but the decision was affirmed on February 13, 2014 on the basis of both untimeliness and *res judicata*. (*Id.* at 190-96.)

On April 16, 2014, petitioner filed a pro se application to reopen his appeal, asking the court of appeals to "overlook the delay" in filing. He argued that he was denied effective assistance of counsel on direct appeal because counsel failed to raise the issue of unmerged firearm specifications. (*Id.* at 197, 200.) On June 4, 2014, the court of appeals denied the application as both untimely and barred by *res judicata*. (*Id.* at 210-16.) Subsequently, the Ohio Supreme Court declined to accept jurisdiction of petitioner's appeal. (*Id.* at 233.)

Petitioner filed this habeas corpus action on October 15, 2014 (Doc. No. 1), raising two issues: (1) that he was denied double jeopardy protection by receiving consecutive sentences for firearm specifications arising from a single transaction with a single animus in a

---

[1] The R&R states that the date of finality was January 22, 2012. However, in 2012, January 22nd fell on a Sunday; therefore, the deadline for filing for discretionary review by the Ohio Supreme Court would have been Monday, January 23, 2012. Ohio R. Civ. P. 6(A); Ohio R. Crim. P. 45(A). Since petitioner did not seek discretionary review, his conviction and sentence became final on January 23, 2012.

continuing course of conduct; and (2) that he was deprived of effective assistance of counsel on direct appeal as of right.

Respondent filed a motion to dismiss the petition as time-barred. (Doc. No. 5.) Petitioner filed his opposition to the motion. (Doc. No. 6.) The magistrate judge issued his R&R recommending that respondent's motion to dismiss be granted. (Doc. No. 7.)

## II. DISCUSSION

### A.      The Standard of Review

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); LR 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections."). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

**B.     De Novo Review**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This one-year period runs from the latest of four events: the date on which the state court judgment became final by the conclusion of direct review; the date on which a State-created impediment to filing an application has been removed; the date on which a constitutional right is newly-recognized by the Supreme Court; or the date on which the factual predicate of the claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

This statute of limitations is statutorily tolled during the time when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2); *see Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003). However, this "tolling provision does not … 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

The statute of limitations is also subject to equitable tolling in circumstances where a petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (internal quotation marks and citation omitted); *see also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6th Cir.

4

2011) (noting that *Holland*'s two-part test has replaced the previous five-factor inquiry articulated in *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)). The Sixth Circuit has stated, however, that "federal courts sparingly bestow equitable tolling." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000) (citing cases). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560-61 (citation omitted). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Id.* at 561 (citation omitted).

Here, as properly noted in the R&R and conceded by petitioner in his objections, there is no basis for statutory tolling. Section 2244(d) is inapplicable because petitioner's state post-conviction motion to merge firearm specifications was filed *after* the expiration of the one-year period following the finality of conviction and sentence. Therefore, there was no period to toll, and the case law cited above makes clear that Section 2244(d) is not meant to *reinstate* an already-expired time period.

Nor is there any reason to apply equitable tolling. Again, the R&R's analysis is substantially correct.[2] Petitioner has not demonstrated that he diligently pursued his rights and/or that any extraordinary circumstance stood in his way and prevented him from taking timely action. His belated assertion that his direct appeal counsel was ineffective for failing to raise the merger issue is to no avail. First, although not addressed by the R&R, this Court questions whether counsel actually did *fail* to raise the issue of merger of the firearm specifications. The state courts did not think so. They specifically rebuffed attempts by petitioner to argue that the

---

[2] The R&R states that petitioner, in his opposition to the motion, argues ineffective assistance of counsel "because his attorney failed to advise him of the consequences of his guilty plea and never informed him of his appellate rights." (R&R at 257, citing Doc. No. 6 at 3-6 [248-250].) There is no such argument in petitioner's opposition brief, nor could there be since petitioner was found guilty after a trial; therefore, this will not be addressed by the Court.

issue had neither been raised nor addressed by the court on direct appeal. (*See* Doc. No. 5-1 at 214 (denying motion to reopen direct appeal: "the trial court denied Orr's motion to merge illegal firearm specifications and … [i]n resolving that appeal, this court explicitly found that the issue of merger of the firearm specifications was raised and addressed in his direct appeal.") (citing Doc. No. 5-1 at 194, ¶ 7).)

Further, the R&R accurately cites several cases where courts have rejected ineffective assistance of counsel, ignorance of the law, and/or pro se status as reasons for equitable tolling. (R&R at 257-58) (citing *Johnson v. United States*, 544 U.S. 295, 311, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005) ("we have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"); *Robinson v. Easterling*, 424 F. App'x 439, 443 (6th Cir. 2011) ("[T]his Court has never granted equitable tolling to a petitioner who sat on his rights for a year and a half, and we decline to do so here.") (quoted by *Keeling v. Warden*, 673 F.3d 452, 463 (6th Cir. 2012)); *Winkfield v. Bagley*, 66 F. App'x 578, 583-84 (6th Cir. 2003) (declining to apply equitable tolling even though petitioner's attorney failed to inform him of an appellate decision for more than a year after it issued); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) ("It is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling.")).

"[P]etitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (citation omitted). Here, petitioner has failed to meet this burden or to establish by way of objection why the R&R's reasoning and application of case law is incorrect. The Court's independent review does not find it to be so. Especially where, as here, it appears that the very issues raised actually *were* addressed by the state courts, despite petitioner's assertion to the contrary in the context of his

belated attempt to obtain federal habeas review, this Court will not apply equitable tolling to give petitioner a "second bite at the apple."

Petitioner's reliance in his objections upon *Winkfield v. Bagley*, 66 F. App'x 578 (6th Cir. 2003) is to no avail. Although the court in *Winkfield* noted that "[t]he ineffective assistance of … appellate counsel constitutes state action[]" for purposes of 28 U.S.C. § 2244(d)(1)(B), the court ultimately concluded that Winkfield was unable to show the requisite causal relationship between that state action and his failure to timely file his habeas action. *Id.* at 582-83 ("[n]o connection has been established between [petitioner's] ineffective assistance and [his] ability to file a federal habeas petition."). The same is true here.

Finally, the R&R correctly states that petitioner has not alleged "actual innocence" as a reason to apply equitable tolling. Although petitioner mentions "actual innocence" in his opposition brief (Opp'n at 249-50), it is not in a context that applies to equitable tolling. In his objections, petitioner excuses this failure as mere "inartful pleading." He states that he is "actually innocent of multiple firearm specifications, being only guilty of one." (Doc. No. 10 at 264.)  Without argument in support, petitioner simply declares that this is grounds for equitable tolling. But, the Supreme Court applies the actual innocence exception only in cases of constitutional sentencing errors resulting in a capital sentence, not to non-capital cases. *Lee v. Brunsman*, 474 F. App'x 439, 442 (6th Cir. 2012) (citing *Dretke v. Haley*, 541 U.S. 386, 388, 124 S. Ct. 1847, 158 L. Ed. 2d 659 (2004); *Gibbs v. United States*, 655 F.3d 473, 477-78 (6th Cir. 2011); *Black v. United States*, No. 95-5041, 1995 WL 445718, at *2 (6th Cir. July 26, 1995)).

## III. CONCLUSION

For the reasons discussed above, petitioner's objections to the R&R are overruled and the R&R is accepted. The petition for writ of habeas corpus is denied and the case is dismissed. Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: September 11, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**